## SOUTHERN COLLEGE OF MEDICINE AND SURGERY v. NOLAN ,et al.

Where upon an application for mandamus a general demurrer to the answer of the respondents and a motion to strike the answer are overruled, and this ruling of the court below is brought to this court by writ of error, and the bill of exceptions contains no assignment of error upon a final ruling of the court, this court is without jurisdiction to entertain the writ of error; and in the present case the writ of error is dismissed, but leave is given to the plaintiffs in error to withdraw the copy of the bill of exceptions of file in the court below and file the same as a pendente lite bill of exceptions.

SEPTEMBER 24, 1912.

Application for mandamus; from Cobb superior court.

*Clay & Morris, Joseph W. & John D. Humphries,* and *John L. Hopkins & Sons,* for plaintiffs. *D. W. Blair,* for defendants.

BECK, J. The Southern College of Medicine and Surgery, a corporation under the laws of Georgia, F. E. Gibson, and others filed their petition for mandamus against C. T. Nolan and others, composing the State Board of Medical Examiners for the Regular School of Medicine. "The defendants filed an answer to said petition, and to this answer petitioners filed a demurrer, and likewise a motion to strike said answer and to make the mandamus absolute. Upon hearing said demurrer to said answer and the motion to strike said answer, the court, on the 8th day of June, 1912, overruled said demurrer, and also overruled and denied the motion to strike said answer. Said judgment overruling said demurrer was made on June 8th, 1912. The judgment overruling the motion to strike said answer, and denying said motion, was made on June 8th, 1912. Petitioners except to the judgment overruling said demurrer to the answer, and assign the same as error, and say that the court erred in not sustaining said demurrer and striking said answer upon each and every ground named in said demurrer. Petitioners except to the judgment of the court overruling their motion to strike the answer of the defendants, and assign said judgment as error, and say that said motion to strike said answer should have been sustained by the court upon each and every ground named in said motion."

The quotation just set forth states all the motions that were made by the parties on the hearing of the application for mandamus, and all the exceptions made to the ruling of the court upon

motion of the parties. While no formal motion was made to dismiss the bill of exceptions, suggestion is made in the brief of counsel for defendants in error that the writ of error is prematurely brought to this court, as the case is still pending in the court below, and that this court is without jurisdiction to entertain the writ of error. We are of the opinion that the contention of the defendants in error is clearly correct. Undoubtedly the case is still pending in the court below. No ruling was made by the court which finally disposes of the cause, and no exception is taken to any decision or judgment of the court which, if it had been rendered as claimed by the plaintiffs in error, would have been a final disposition of the cause as to them. The exceptions are, as is disclosed in the statement of facts, to the overruling of the general demurrer to the defendants' answer and the refusal to strike the same. Had the plaintiffs in error excepted to the refusal of the court to make the mandamus absolute, then, although the court had overruled the motion to strike the answer and the plea, it would have been competent for plaintiffs in error to bring the cause to this court by writ of error and have the decision upon the motion to make the mandamus absolute reviewed here, under the rulings in the cases of *Southern Railway Co.* v. *Atlanta Stove Works,* 128 *Ga.* 207 (57 S. E. 429), and *Tarver* v. *Mayor of Dalton,* 134 *Ga.* 462 (67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281). But in the present case, while the plaintiffs in error made a motion to have the mandamus made absolute, it is not recited in the bill of exceptions that the court made an express ruling upon that motion, though it may be inferred that the court denied it. Such a ruling, as we have stated above, would have been a final disposition of the case, but no exception is taken to that ruling.

We therefore hold that the case is prematurely brought to this court, and that the court can not at this time entertain jurisdiction thereof. But direction is given that counsel for plaintiffs in error be permitted to withdraw the copy of the bill of exceptions of file in the court below, and file the same as a pendente lite bill of exceptions.

*Writ of error dismissed, with direction. All the Justices concur, except Atkinson, J., disqualified.*